**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NEWPORT NEWS DIVISION**

**In re:**

**DENEEN ESTELLA ADDISON,**

    **Debtor.**

**CHAPTER 13**

**CASE NO. 09-52059-FJS**

**U.S. BANK, N.A.,**

    **Plaintiff/Movant.**

**vs.**

**DENEEN ESTELLA ADDISON**
**MICHAEL P. COTTER, ESQUIRE, TRUSTEE,**

    **Defendants.**

**ORDER GRANTING**
**MODIFICATION OF STAY**

The Motion of the Plaintiff, U.S. Bank, N.A., to amend the automatic stay having been properly served and upon agreement by Counsel,

It appears that Debtor is in possession of a certain real property hereinafter described upon which Plaintiff holds and/ or services a Note secured by a valid Deed of Trust; that the Debtor has agreed to cure the post-petition delinquency and maintain the account in a current status whereby the Plaintiff will be entitled to automatic relief, subsequent to ten (10) days Notice of Default to Debtor and Counsel for Debtor. Should Debtor fail to timely reinstate in accordance with any such Notice of Default, Relief from Stay will be automatic incident to the property located at *1009 Faubus Drive, Newport News, VA 23605*, and described as follows:

> All that certain lot, piece or parcel of land, situate, lying and being in the City of Newport News, Virginia, known and designated as Lot Numbered FIFTY-SIX (56) on a certain plat entitled, "BIRDELLA ESTATES, SECTION FOUR", made by Lawson & Rowles, Engineers, dated November 12, 1959 and of record in the Clerk's Office of the Circuit (formerly Hustings) Court of the City of Newport News, Virginia, in Plat Book 5, page 114, to which plat reference is here made.

D. Carol Sasser, Esquire
Counsel for Plaintiff
Samuel I. White, P.C.
5040 Corporate Woods Drive
Suite 120
Virginia Beach, VA 23462
State Bar #28422
(757) 490-9284

Upon consideration, it is ORDERED that relief from the automatic stay is presently denied, provided however, that the Debtor comply with the following conditions:

(a) Debtor is to resume making all future regular monthly installment payments in the amount of $974.88, pending further notice from the mortgage company, as they become due commencing November 1, 2010, to include any late charges, if applicable.

(b) Debtor is to cure any arrearage currently due to the Plaintiff for the months of July, 2010 through October, 2010, in the total amount of $4,720.12, which arrears were calculated as follows:

| | |
|---|---|
| 4 monthly payments (07/01/10-10/01/10) @ $974.88/month | $3,899.52 |
| Accrued Late Charges | 39.00 |
| Bankruptcy Fees and Costs - Motion For Relief | 800.00 |
| Less Debtor Suspense | <18.40> |
| **Total** | **$4,720.12** |

1) The arrearage amount set forth herein is contingent upon the sufficient clearing of any previously applied post-petition funds.

2) The arrearage amount set forth below is contingent upon the bankruptcy case remaining an active paying case. Notwithstanding the repayment schedule set forth below, in the event the case no longer remains active/open, all arrears payment will immediately due and payable.

3) The post-petition arrearage amount of $974.88, which represents the amount due for the October 1, 2010 post-petition installment shall be paid by the Debtor no later than October 15, 2010 with the said source of funds being monies allotted to making regular monthly mortgage payments.

4) The remaining post-petition arrearage amount of $3,745.24 is to be paid through an Amended Chapter 13 Plan. Debtor shall file an Amended Chapter 13 Plan within twenty-one (21) days of the entry of this Order. The trustee, however, reserves the right to object to the Amended Plan. The Plaintiff will file ~~an~~ a Motion to Allow Filing of Amended Proof of Claim to also include post-petition arrears. Debtor agrees to the filing of same and counsel for Debtor agrees to endorse an order accordingly, with a separate hearing still necessary for approval of same by the Court.

5) In the event Debtor fails to file an Amended Chapter 13 Plan within twenty-one (21) days of the entry of this Order, then relief shall be automatic, with no further notice or opportunity for hearing required.

6) In the event Debtor is unable to have an Amended Chapter 13 Plan confirmed within ninety (90) days of the date of the entry of this Order which fully provides for the pre-petition arrearages as well as the post-petition arrearages which are set forth in this Order, then relief shall be automatic, with no further notice or opportunity for hearing required.

7) In the event Plaintiff's motion to allow its amended Proof of Claim to include post-petition arrearages is not allowed, then relief shall be automatic, with no further notice or opportunity for hearing required.

92-010773-10/cel

        8)       All future payments should be forwarded to the following address until further notice: U. S. Bank, N.A., 4801 Frederica Street, Owensboro, KY 42301.

    (c)       In the event of a default in the terms of this Order, Debtor will be responsible for any additional fees incurred incident to the issuance of any notice of default in the amount of $50.00.

    (d)       To the extent it may be necessary, the automatic stay is modified to permit the secured noteholder and/or servicer for the subject loan to mail the Debtor payment coupons, notice of payment changes, notice of late payments, monthly statements or notice (other than a notice of acceleration), customarily sent to mortgagors in the ordinary course of business.

Should the Debtor fail to satisfy these conditions, the Plaintiff will have automatic relief from stay, and may proceed forthwith to enforce its security agreement, with the exception of a default incident to regular monthly post-petition payments. Should Debtor default on making a regular monthly payment by its due date, then a ten (10) day Notice of Default to Debtor and Counsel for Debtor must be issued. In the event Debtor fails to timely reinstate in accordance with any such Notice of Default, Relief will be automatic, with no further hearing or order required. In the event relief is granted, foreclosure proceedings may be commenced incident to state law.

Once the Debtor makes all of the stipulated payments during the cure period as required in the order, then all mortgage payments, costs, fees and late charges will be deemed current from the date of the filing of the bankruptcy through the date of the entry of the order, with the exception of the amount of $3,745.24, with such amount having been set forth in the Order to be paid through the Amended Plan.

In the event of a default which results in the granting of Relief, the Chapter 13 Trustee will be relieved of any and all obligation to remit payment incident to the arrearages set forth in the Proof of Claim filed by the Plaintiff.

Time is of the essence; all future monthly payments must be timely received; a check returned by the bank for any reason is deemed a violation.

Should Plaintiff, at its option, accept a non-timely payment, it will not be deemed to have waived its rights pursuant to any other provisions contained within this Order.

In the event of Discharge, Dismissal or Conversion, the re-payment terms contained herein, will no longer be applicable, and the full contractual amount due shall be owing, and relief will be automatic as to the Debtor, with no further Notice, Hearing or Order required.

It is **ORDERED** that the relief granted herein will be binding and enforceable as to the Debtor(s) in the event the case is converted.

It being **FURTHER ORDERED**, pursuant to the requirement of the Chapter 13 Trustee and of the Court, that the Movant shall promptly notify the Court and the Chapter 13 Trustee in writing of the results of any foreclosure of the subject deed of trust and pay to the Chapter 13 Trustee any excess funds received from such foreclosure sale, to be disbursed upon agreement with the Debtor(s) or upon further order of the Court.

It is further **ORDERED** that the fourteen (14) day stay is hereby waived and the terms of this Order are immediately enforceable.

92-010773-10/cel

It is additionally acknowledged that by endorsement of this Order, Counsel for Debtor hereby represents that Debtor has been advised of the terms of the agreement as set forth in this Order.

DATED:

_____
JUDGE

**NOTICE OF JUDGMENT OR ORDER**
**Entered on Docket**

_____

I ask for this:

### /s/ D. Carol Sasser
_____
Samuel I. White, P. C.
D. Carol Sasser, Esquire, VSBN 28422
Robert A. Jones, Esquire, VSBN 71123
Counsel for U.S. Bank, N.A.
5040 Corporate Woods Drive
Suite 120
Virginia Beach, VA 23462

Seen and Agreed:

### /s/ James Robert Carpenter, Jr.
_____
James Robert Carpenter, Jr., Esquire
Counsel for Debtor
3419 Virginia Beach Blvd., #236
Virginia Beach, VA 23452

Seen:
### /s/ Warren A. Uthe, Jr., Attorney for
_____
Michael P. Cotter, Esquire
Chapter 13 Trustee
870 Greenbrier Circle
Suite #402
Chesapeake, VA 23320
Case#09-52059-FJS

CERTIFICATE

I certify that this proposed Order has been endorsed by all parties involved in this proceeding.

### /s/ D. Carol Sasser
_____
Samuel I. White, P. C.

92-010773-10/cel

The Clerk shall mail a copy of the entered Order to the following:

Michael P. Cotter, Esquire
Chapter 13 Trustee
870 Greenbrier Circle
Suite #402
Chesapeake, VA 23320

James Robert Carpenter, Jr., Esquire
Counsel for Debtor
3419 Virginia Beach Blvd., #236
Virginia Beach, VA 23452

Deneen Estella Addison
Debtor
1009 Faubus Drive
Newport News, VA 23605

D. Carol Sasser, Esquire
Robert A. Jones, Esquire
Counsel for U.S. Bank, N.A.
5040 Corporate Woods Drive
Suite 120
Virginia Beach, VA 23462

92-010773-10/cel